## THOMAS MARSELLA v. DANTE RIVETTI.

### Decided November 7, 1923.

**Negligence—Automobile Collision—Error in Judge's Charge That Compensation for Amount of Loss During Plaintiff's Illness May Be Awarded, Where No Testimony on this Subject Was Given.**

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *M. Casewell Heine.*

For the respondent, *William B. Stiles.*

PER CURIAM.

This action was brought by the plaintiff to recover compensation for injuries resulting to him from a collision between his automobile and that of the defendant.

The only ground of appeal which we find it necessary to consider is directed at the charge to the jury. The plaintiff had testified that, as a result of the accident, he was confined to his bed for about ten or twelve days and to his house for two weeks, and that during that time he could not do any work, although he had work to do. The trial court, in the charge to the jury, after referring to other matters to be considered by that body in determining what would be fair compensation to the plaintiff, added, "You have a right, of course, to compensate the plaintiff for what he lost by being laid up during the time that he was laid up, if you conclude that he was, according to the testimony that has been adduced before you." We think there was legal error in this instruction, and that it was harmful to the defendant, for the reason that there was nothing in the testimony bearing

upon this phase of the case (all of which has been recited) which afforded a measure for determining compensation, even if it be assumed that the plaintiff suffered financial loss by reason of his absence from business. In the case of *Gilmore* v. *Kane, 72 N. J. L.* 167, it was held that a similar instruction, where there was no evidence upon which the jury's finding might be rested, was harmful error.

For the reason indicated, the judgment under review will be reversed.